NOT DESIGNATED FOR PUBLICATION

No. 121,575

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LUIS ALONZO ALVARADO,
*Appellant*.


MEMORANDUM OPINION

Appeal from Lyon District Court; JEFFRY J. LARSON, judge. Opinion filed July 31, 2020.
Sentence vacated and remanded with directions.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Laura L. Miser*, assistant county attorney, *Marc Goodman*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before MALONE, P.J., MCANANY, S.J., and BURGESS, S.J.

PER CURIAM: Luis Alonzo Alvarado appeals his sentence following his
conviction of possession of methamphetamine. At sentencing, the district court found
Alvarado had a criminal history score of B based on the classification of his two prior
Texas convictions as person felonies. Alvarado argues that his prior Texas convictions
should have been scored as nonperson felonies under *State v. Wetrich*, 307 Kan. 552, 412
P.3d 984 (2018). For the reasons stated in this opinion, we vacate Alvarado's sentence
and remand with directions.

1

FACTS

On May 9, 2019, Alvarado pled no contest to possession of methamphetamine, committed February 20, 2019, in exchange for dismissal of other charges. A presentence investigation (PSI) report reflected Alvarado had a criminal history score of B based on two 2014 Texas convictions—for aggravated assault with a deadly weapon and harassment of a public servant—being classified as person felonies.

On June 26, 2019, the district court held a sentencing hearing. Alvarado did not object to the person classification of his aggravated assault conviction. But he argued that his Texas conviction of harassment of a public servant should be scored as a nonperson felony. The district court found that the Texas crime of harassment of a public servant should be scored as a person felony under the legislative amendment to the Kansas sentencing statutes that went into effect on May 23, 2019. Alternatively, the district court found that if the 2019 amendment did not apply, the Texas conviction was a person felony because the elements of the Texas offense were identical to or narrower than the elements of the comparable Kansas offense. Using the criminal history score of B, the district court sentenced Alvarado to 34 months' imprisonment with 12 months' postrelease supervision. Alvarado timely appealed his sentence.

ANALYSIS

Under the Kansas Sentencing Guidelines Act (KSGA), a defendant's sentence depends on the crime of conviction and the defendant's criminal history score. K.S.A. 2019 Supp. 21-6805(d). The KSGA counts out-of-state convictions in calculating a defendant's criminal history score. K.S.A. 2019 Supp. 21-6811(e). An out-of-state crime will be classified as either a felony or a misdemeanor according to the convicting jurisdiction. K.S.A. 2019 Supp. 21-6811(e)(2). The state of Kansas shall classify the crime as person or nonperson. K.S.A. 2019 Supp. 21-6811(e)(3).

2

Alvarado argues the district court improperly calculated his criminal history score by erroneously classifying his two prior Texas convictions as person felonies. Alvarado acknowledges he only challenged the classification of his Texas conviction for harassment of a public servant below and not his conviction for aggravated assault with a deadly weapon. But he correctly asserts that this court can hear his challenge to both convictions for the first time on appeal because the misclassification of a prior conviction results in an illegal sentence that can be corrected at any time. See *State v. Dickey*, 305 Kan. 217, 220, 380 P.3d 230 (2016) (stating the misclassification of a prior conviction results in an illegal sentence that can be corrected at any time).

The State acknowledges an illegal sentence challenge can be raised at any time but argues "the impropriety of reaching the merits of [criminal history challenges] for the first time on appeal has reached a tipping point" and this court should not reach the merits of Alvarado's claim because he failed to designate a record establishing the error. The State claims Alvarado failed to designate a record of the error because by failing to raise his challenge below, the record contains no facts regarding his convictions under the Texas statutes. But as Alvarado correctly argues—and as will be explained in more detail below—the State carries the burden to designate a record proving a defendant's criminal history score, not Alvarado. See *State v. Obregon*, 309 Kan. 1267, 1275, 444 P.3d 331 (2019) (stating it is State's burden to show defendant committed a version of the offense supporting person classification). Thus, we will address the merits of Alvarado's claim.

The classification of prior convictions for criminal history purposes involves interpretation of the KSGA. *Wetrich*, 307 Kan. at 555. Statutory interpretation is a question of law subject to unlimited review. 307 Kan. at 555.

To begin with, the law on the classification of an out-of-state conviction as a person or nonperson crime has gone through considerable change in the past few years. Most recently, the Legislature amended K.S.A. 21-6811, effective May 23, 2019,

3

changing the analysis for classifying a defendant's out-of-state conviction as a person or nonperson crime. See K.S.A. 2019 Supp. 21-6811(e). The district court sentenced Alvarado on June 26, 2019, after the amendment took effect. The district court found that the legislative amendment applied to Alvarado's case because it became effective before the sentencing hearing, even though the amendment was not effective on the date Alvarado committed his crime. But on appeal, the State concedes that the 2019 amendment does not apply to Alvarado's case.

Thus, the parties agree that K.S.A. 2018 Supp. 21-6811(e)(3) controls the classification of Alvarado's Texas crimes. This statute states:

> "The state of Kansas shall classify the crime as person or nonperson. In designating a crime as person or nonperson, comparable offenses under the Kansas criminal code in effect on the date the current crime of conviction was committed shall be referred to. If the state of Kansas does not have a comparable offense in effect on the date the current crime of conviction was committed, the out-of-state crime shall be classified as a nonperson crime."

When Alvarado committed his crime, "comparable offense" meant "the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced." *Wetrich*, 307 Kan. at 562. Both Alvarado and the State agree the *Wetrich* comparable offense test applies. Thus, we will apply this test to Alvarado's Texas conviction of harassment of a public servant and his Texas conviction of aggravated assault with a deadly weapon.

*Texas conviction of harassment of a public servant*

Alvarado argues that his Texas conviction of harassment of a public servant should not have been scored as a person felony because it is broader than the comparable Kansas offense. In Texas the crime of harassment of a public servant occurs when:

4

"[W]ith the intent to assault, harass, or alarm, the person:

"(3) causes another person the actor knows to be a public servant to contact the blood, seminal fluid, vaginal fluid, saliva, urine, or feces of the actor, any other person, or an animal while the public servant is lawfully discharging an official duty or in retaliation or on account of an exercise of the public servant's official power or performance of an official duty." Tex. Penal Code Ann. § 22.11(a)(3).

The State argues the Texas conviction is comparable to battery against a correctional or law enforcement officer under K.S.A. 2019 Supp. 21-5413(c), which criminalizes battery, as defined in K.S.A. 21-5413(a), when committed against law enforcement or correctional officers. But the Texas crime is broader than the Kansas crime of battery against a law enforcement officer or a correctional officer because the definition of a "public servant" covers more personnel than the Kansas crimes. Compare K.S.A. 2019 Supp. 21-5413(c) (criminalizing battery against police, judges, attorneys, community corrections or court services officers, and correctional officers or employees) with Tex. Penal Code Ann. § 1.07(41) (defining a "[p]ublic servant" as officers, employees or agents of the government; jurors; arbitrators and referees; attorneys; candidates for nomination or election to public office; any person performing a governmental function under a claim of right although not legally qualified to do so).

The parties also argue whether the Texas offense is comparable to the Kansas crime of simple battery. In Kansas, "[b]attery is: (1) Knowingly or recklessly causing bodily harm to another person; or (2) knowingly causing physical contact with another person when done in a rude, insulting or angry manner." K.S.A. 2019 Supp. 21-5413(a). The Texas offense is broader than the first alternative of the Kansas crime of battery enumerated in K.S.A. 2019 Supp. 21-5413(a)(1). As Alvarado correctly points out, the Texas crime requires mere contact between the victim and the substances listed in the statute, it does not require the perpetrator causing bodily harm to another person. As a result, contact that does not constitute bodily harm could be the basis of the Texas offense but not the first alternative of the Kansas battery offense.

5

Moreover, the second alternative of the Kansas crime of battery prohibits the perpetrator from causing "physical contact" with another person. In contrast, the Texas crime prohibits the perpetrator from causing *the victim* to contact one of the enumerated substances. By its plain language, the Texas statute does not require the perpetrator to cause physical contact with the public servant. For instance, the perpetrator could commit the offense of harassment of a public servant by leaving one of the substances listed in the statute somewhere the public servant would come in contact with it, like on the floor or a surface, if such action was done with the requisite mental culpability.

Thus, the Texas offense of harassment of a public servant criminalizes a broader range of conduct than any comparable offense in Kansas. As a result, the district court erred in classifying the prior Texas conviction as a person felony. On remand, Alvarado's prior Texas conviction of harassment of a public servant must be classified as a nonperson felony in calculating his criminal history score.

*Texas conviction of aggravated assault with a deadly weapon*

Aggravated assault with a deadly weapon in Texas occurs when "the person commits assault as defined in § 22.01 and the person . . . uses or exhibits a deadly weapon during the commission of the assault." Tex. Penal Code Ann. § 22.02(a)(2). Texas Penal Code Ann. § 22.01(a), defining assault, states:

"A person commits an offense if the person:

(1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse;

(2) intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or

(3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative."

Alvarado argues that his prior Texas conviction of aggravated assault with a deadly weapon should not have been scored as a person felony, although his reasoning changes from his first brief to his reply brief. Originally, he argue the Texas conviction is not comparable to assault under Kansas law because the Texas offense is broader in all three subsections. The State counters that two of the three alternatives, subsection (1) and (3), in the Texas statute would be narrower than the comparable offense of battery in Kansas and so would properly be classified as a person felony. But the State concedes subsection (2) of the Texas statute for aggravated assault is broader than the comparable Kansas offense of criminal threat. Alvarado, in his reply brief, then concedes subsection (1) of the Texas assault statute is identical to or narrower than the Kansas crime of battery and would support a person classification. But Alvarado still argues subsection (3) is broader than the second alternative of the Kansas crime of simple battery.

The parties' arguments highlight a gap in the district court's findings. *Wetrich* requires an elemental comparison of the out-of-state conviction and the comparable Kansas crime for criminal history purposes. See 307 Kan. at 562 ("In other words, the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced."). Thus, before engaging in the "identical to or narrower than" analysis, a district court must first determine the elements of the out-of-state conviction. And when, as here, the out-of-state conviction is an alternative means crime—an offense with multiple distinct sets of elements—the district court must determine which theory of the Texas crime of assault Alvarado committed before comparing it to a comparable Kansas offense. See *Obregon*, 309 Kan. at 1273.

The State has the burden of establishing a defendant committed a version of the out-of-state crime that would support a person classification. *Obregon*, 309 Kan. at 1275. Usually, the PSI can satisfy the State's burden, but when the PSI does not show which version of the out-of-state crime the defendant committed and the State presented no other proof, "the person-crime classification is erroneous as a matter of law." 309 Kan. at

7

1275. Because the PSI does not show which subsection of the Texas aggravated assault statute Alvarado was convicted under, and the State presented no other proof, remand for resentencing is necessary. Alvarado concedes this result in his reply brief.

On remand, the district court must apply the "'modified categorical approach'"—which allows the examination of "'charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms'"—to determine which statutory alternative was the basis of Alvarado's Texas conviction of aggravated assault with a deadly weapon. *Obregon*, 309 Kan. at 1274 (quoting *Johnson v. United States*, 559 U.S. 133, 144, 130 S. Ct. 1265, 176 L. Ed. 2d 1 [2010]). The burden will be on the State to prove which subsection of the Texas statute Alvarado was convicted under and to show that the subsection satisfies the *Wetrich* test for comparable offenses. Otherwise, Alvarado's prior Texas conviction of aggravated assault with a deadly weapon must be classified as a nonperson felony in calculating his criminal history score.

Sentence vacated and remanded with directions.